IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOSEPH P. SABO, § | |
| Wichita County Jail No. AI 3182, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00068-O-BP |
| § | |
| WICHITA COUNTY SHERIFF, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Joseph P. Sabo pursuant to 28 U.S.C. § 2254 (ECF No. 1) on May 16, 2018. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITH PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as time-barred and for failure to exhaust state remedies and **DISMISS WITHOUT PREJUDICE** Petitioner's civil rights claim asserted.

**Background**

Sabo is an inmate confined in the Wichita County Jail in Wichita Falls, Texas, and brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). Sabo seeks to challenge the validity of his state conviction for possession of a controlled substance, namely morphine. (*Id.* at 2). After pleading guilty, Sabo was sentenced to six years deferred adjudication. (*Id.*). Sabo seeks federal habeas relief challenging the order of deferred adjudication, seeking a reduction of bail or to be released on personal bond, and complaining about his medical care. (*Id.* at 6–7). In response to the Court's Questionnaire (ECF No. 7), Sabo stated that he had exhausted all of his state remedies and

had filed two state applications for writ of habeas corpus seeking a bond reduction or to be released on personal bond. (ECF No. 10). Sabo's applications were denied by the state court on March 20, 2018. (*Id.*). On July 11, 2018, the Court ordered Respondent to file a preliminary response and any state court records to enable the Court to determine if Sabo's petition was barred by the statute of limitations. (ECF No. 11). Respondent filed a preliminary response arguing that all of Petitioner's claims relating to his guilty plea and order of deferred adjudication were barred either by the one-year statute of limitations or for failure to exhaust state remedies. (ECF No. 14).

According to Respondent, Sabo pleaded guilty to possession of a controlled substance on August 29, 2013. (ECF No. 15 at 48–50). On the same day, he was sentenced to six years of deferred adjudication with several conditions of community supervision. (*Id.* at 51–56). On July 16, 2016, the state of Texas filed a motion to proceed with adjudication of guilt, alleging that Sabo had failed to comply with three conditions of his community supervision. (*Id.* at 68–70). The court issued a warrant for his arrest and set his bail at $25,000.00. (*Id.* at 71). Sabo pleaded true to the allegations, and his terms of community supervision were modified on October 9, 2014. (*Id.* at 79–81).

The State thereafter filed a second motion to proceed with adjudication of guilt, alleging that Sabo failed to comply with four conditions of his community supervision. (*Id.* at 89–91). On August 7, 2015, the court again issued a warrant for Sabo's arrest and set his bond at $10,000.00. (*Id.* at 92–93). Sabo again pleaded true to the allegations, and his terms of community supervision were modified on November 5, 2015. (*Id.* at 103–105). Sabo also filed a motion for personal bond or to have his bond reduced. (*Id.* at 100–01). His terms of community supervision were modified again on May 11, 2016, and on August 24, 2016. (*Id.* at 112–13).

The State filed a third motion to proceed with adjudication of guilt, alleging that Sabo failed to comply with four conditions of his community supervision. (*Id.* at 114–17). On June 16, 2017, the court issued a warrant for Sabo's arrest and set his bond at $15,000.00. (*Id.* at 118–20). Sabo filed another motion for personal bond or to have his bond reduced. (*Id.* at 132–33). Sabo's attorney filed a motion to withdraw, stating that Sabo wished to proceed *pro se*. (*Id.* at 141–43). After the state court granted the motion to withdraw, Sabo filed two applications for writ of habeas corpus in state court on March 18, 2018, seeking to be released on personal bond or to have his bond reduced, which applications were denied on March 20, 2018. (*Id.* at 145–46, 147–48, 149, 150). Sabo filed three more applications for writ of habeas corpus in state court, one in April 2018 and two in June 2018, all related to his bond. (ECF No. 15-1 at 2–6, 35–36, 37–39). The April application appears to have been denied. (*Id.* at 7). A hearing on Sabo's June applications was set for September 27, 2018. (*Id.* at 40).

Sabo filed a reply to Respondent's preliminary answer, reasserting arguments related to his bail and complaints about his medical care. (ECF No. 19). Thus, the petition is ripe for disposition.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Sabo pleaded guilty to possession of a controlled substance on August 29, 2013, and an order of deferred adjudication was entered on the same day. (ECF No. 15 at 48–50, 51–52). He did not file a direct appeal. (ECF No. 1 at 3). Sabo's conviction, therefore, became final under the applicable AEDPA subsection on September 29, 2013—the last day on which he could have timely filed a direct appeal of his plea proceedings. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]"); Tex. R. App. P. 26.2(a)(1); *see Caldwell v. Dretke*, 429 F.3d 521, 526–30 (5th Cir. 2005) (an order of deferred adjudication is a final judgment for AEDPA purposes). Therefore, the one-year period in which Sabo was required to file a petition for writ of habeas corpus regarding his plea proceedings expired on September 29, 2014.

Sabo did not timely file a petition for writ of habeas corpus. Sabo's state court applications for writ of habeas corpus were filed in 2018, more than a year after the federal limitations period had expired for his plea proceedings. A state habeas application filed after the expiration of the federal statute of limitations does not operate to revive the limitations period. *Villegas v. Johnson*,

184 F.3d 467, 472 (5th Cir. 1999). Therefore, Sabo's claims relating to his plea are barred by the AEDPA limitations period.

Sabo is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States; any right newly recognized by the Supreme Court made retroactive on collateral review; or any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (actual innocence, *pro se* status, and ignorance of the law do not constitute "rare and exceptional" circumstances); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Sabo meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies, and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's eleven-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost eleven months to file a state habeas application). Accordingly, the claims relating to Sabo's plea are subject to dismissal as barred by the statute of limitations.

Moreover, pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must fully exhaust state remedies before seeking federal habeas relief. The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies requires submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Sabo has not satisfied the exhaustion requirement because he has not completed one round of the Texas appellate review process. At the time his petition was filed, he had two separate state habeas corpus application pending in the trial court. Although it is unclear whether the trial court has denied Sabo's applications, a review of the state court appellate docket confirms that he has not filed an appeal of the denial of his habeas corpus application to the Texas Court of Criminal Appeals. *See* TAMES Search, http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=cat (search Trial Court Case No: 51842-C). Thus, Sabo was required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, because Sabo has failed to exhaust his state remedies, his Section 2254 petition should be dismissed.

Finally, to the extent that Sabo claims that he is being denied medical care, such a claim is an attack on a condition of confinement and is not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a

civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement"); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Because Sabo is still within the two-year statute of limitations period to file a civil rights complaint, the Court should deny this claim without prejudice so that Sabo may assert it in a civil rights complaint filed under 42 U.S.C. § 1983, if he chooses to pursue that claim.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Reed O'Connor **DISMISS WITH PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as time-barred and for failure to exhaust state remedies and **DISMISS WITHOUT PREJUDICE** Petitioner's civil rights claim asserted.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed January 23, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE